UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE A.N. FRIEDA DIAMONDS, INC.

RONI RUBINOV and NEW LIBERTY
PAWN SHOP, INC.,

                    Appellants,

          -against-

MATTHEW C. HARRISON, JR.,

                    Appellee.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2020

1:20-cv-04008-MKV

ORDER GRANTING LEAVE
TO FILE BRIEF

MARY KAY VYSKOCIL, United States District Judge:

        In this bankruptcy appeal, Appellants filed their brief on September 13, 2020 [ECF No.
11], after having requested—and having received—a total of fifty-seven (57) days in extensions
[*see* ECF Nos. 5–6, 8–11].  This Order concerns the timing of Appellee's brief and addresses four
competing letters by the parties, all filed on October 14, 2020.

        First, Appellee submitted a letter requesting a one-week extension—from October 14,
2020, to October 21, 2020—to file its brief [ECF No. 12].  Appellee represented that Appellants
consented to the request.  Appellee submitted the request because of the recent Jewish holidays,
which counsel for Appellee observed, and some difficulties preparing the brief caused by the
COVID-19 pandemic.

        Second, Appellants submitted a letter in response explaining that counsel's consent was
conditioned on there being no prejudice to Appellants' position [ECF No. 14].  Appellants stated
that if the Trustee/Appellee is still within his time to submit the opposition brief, then Appellants
consent, but if the response is late, Appellee is no longer entitled to submit the opposition brief

and Appellants do not consent to an extension.  E-mail correspondence between counsel regarding this issue is attached to Appellants' letter.

Appellee then filed its brief [ECF No. 15] and submitted the third letter requesting a one-day extension, *nunc pro tunc*, from October 13, 2020, to October 14, 2020 [ECF No. 16].  Appellee explained that it made its request for a one-week extension to Appellants' counsel by e-mail on October 13, 2020, but Appellants' counsel did not respond until October 14, 2020.  Appellee also stated that Appellants had already consented to an extension on August 27, 2020, when Appellee consented to Appellants' second request for an extension to file their brief.  Relevant e-mail correspondence between counsel is attached to Appellee's letter.

Shortly thereafter, Appellants submitted the fourth and final letter arguing that the Court should deny Appellee's most recent request for a one-day extension as untimely [ECF No. 17]. Appellants claim that when they "consented" to the extension for Appellee to file its brief, they offered to file a stipulation, but Appellee chose not to take them up on that offer.  "Now, the situation is different," Appellants contend, as Appellee's "request to the Court for an extension of time is untimely."  Appellants claim that the Trustee "has relentlessly and without concession destroyed [their] life's work and savings" by obtaining the judgment against them in the Bankruptcy Court and taking other actions in connection with the bankruptcy.  Appellants claim that "[a]ny extension" would be unduly prejudicial.

Federal Rule of Bankruptcy Procedure 8018(a)(2) provides, "The appellee must serve and file a brief within 30 days after service of the appellant's brief."  Appellant's brief was filed on September 13, 2020 [ECF No. 11].  Thus, the deadline for Appellee to file its brief was October 13, 2020.

With respect to bankruptcy appeals, leave for an appellee to file an untimely brief may be granted where there is no evidence of prejudice to the appellant.  *See Ashland Oil, Inc. v. Gleave*,

62 B.R. 514, 514 (W.D.N.Y. 1986).   There is no basis to conclude that Appellants will be prejudiced if the Court grants Appellee leave to file its brief one day late.   First, Appellants would have consented to a seven-day extension had the request been made on October 13, 2020 [*see* ECF Nos. 14, 14-1].   How can it be that Appellants will be greatly prejudiced if Appellee is granted a one-day extension from October 13, 2020, to October 14, 2020, yet Appellants would not have been prejudiced if Appellee had been granted a seven-day extension from October 13, 2020, to October 20, 2020?   Second, as noted above, the Court granted Appellant two extensions totaling fifty-seven (57) days [*see* ECF Nos. 5–6, 8–11].   If the judgment below has been "essentially ruin[ing] [the individual Appellant's] personal life," and if one additional day could be so prejudicial to Appellants, why did Appellants show little to no sense of urgency in filing their brief?   Furthermore, Appellee has shown good cause for additional time given the Jewish holidays, the difficulties caused by the COVID-19 pandemic, and its reasonable belief, based on prior correspondence with Appellants, that Appellants had consented already [*see* ECF Nos. 12, 16].   Indeed, Appellants cited difficulties related to the COVID-19 pandemic in their first request for an extension [*see* ECF No. 6].   Accordingly, the Court hereby GRANTS Appellee's request for a one-day extension, *nunc pro tunc*, from October 13, 2020, to October 14, 2020, to file its brief.

Any reply by Appellants is due on or before October 28, 2020.   No extensions will be granted absent good cause.

**SO ORDERED.**

Date:  October 15, 2020                    **MARY KAY VYSKOCIL**
       New York, NY                         **United States District Judge**

3