**Akiva Shapiro**  **Akiva Shapiro Law, PLLC**
Attorney and Counselor-at-Law   Mailing Address:
1 West Park Drive   696 Old Bethpage Road #540
Old Bethpage, NY 11804   Old Bethpage, NY 11804
Phone: 347-435-6529 • Fax: 347-710-2543
Akiva@AkivaShapiroLawPLLC.com • www.AkivaShapiroLawPLLC.com

October 22, 2020

**Via ECF**
Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    Index No. 20-04008 (MKV)
                  AN Frieda Diamonds, Inc. v. Roni Rubinov and New Liberty Pawn Shop, Inc.

Dear Judge Vyskocil:

       I am submitting Appellant's reply brief today. I am writing to briefly clarify a couple of points regarding the Court's October 15, 2020 decision granting Appellee an extension of time.

       I write this not seeking a reconsideration, but only that the questions the Court raised were reasonable and I wanted to shed light on the answers so the Court would not proceed under a misconception that it was my intention to be unreasonably rude, and go into the process of reading my briefs with an initial unfavorable opinion of the drafting attorney.

       I understood the Court to question how Appellant would be prejudiced by a one day extension but not from a seven day extension. It was a reasonable question to ask and I should have been more clear in my letters. The prejudice was not from time, but in relinquishing a potential statutory right to have the matter heard without opposition. My client is suffering greatly, and essentially everything in his life is collapsing because of what we believe to be an erroneous decision. As a professional courtesy, I virtually always grant extension requests to fellow members of the bar and I even offered one initially, which was declined. But once the opposition brief was late, a right accrued to my client and I could not grant a courtesy on the one hand, while the Trustee on the other hand, in the interim after my brief was filed, took my client's $150,000 SBA EIDL, leaving my client without cash to loan (he is a pawnbroker), and further refusing to unfreeze his empty bank account, leaving him unable to conduct normal business. I would also note that my emails to Mr. Fox and Mr. Vlock sometimes go days without response or unanswered altogether and require follow-ups. I too have often dozens and

## Akiva Shapiro Law, PLLC

sometimes over a hundred emails a day, and I got to Mr. Fox's email at my earliest convenience. Nothing prevented him from filing a letter motion that day.

  I also understood the Court to question why if his life was being ruined, did my client take so long to file his initial brief. The answer is that I was not the attorney for the bankruptcy proceedings. I was retained to undertake this appeal just days before I went on a three week vacation, and as we do, I came back to a large pile of work and deadlines. I had to read through and meticulously parse four days of trial transcripts and dozens of exhibits, plus understand all prior activity and orders, just to come up to speed and be prepared to write the brief. In addition, it took months to get the exhibits from outgoing counsel, and when I requested same of Mr. Fox, he declined to provide them to me as a courtesy. He further replied that he wanted to be paid, but never responded to my request for how much he wanted. The EIDL loan was taken after Appellants' brief was filed, and prior to that time counsel Stephen Vlock was advising me they were looking into the Attorney General's Guidance, which I submitted to him to show that the taking was against New York Law, and I was hopeful it would be released. The Trustee ultimately decided to take the money and further refused to unfreeze the empty bank account. That is when things began to tumble rapidly for my client.

  I also write humbly requesting that in light of the potentially unrecoverable situation my client finds himself in, which worsens each day, that the Court please consider the Appeal on an expedited basis. If the Court should decide in my client's favor in short order, there may be time to recover from the damage the judgment against him has done. I have done the best I could in submitting this brief as early as possible to demonstrate good faith in this regard.

  Thank you very much for your consideration.

Very truly yours

Akiva Shapiro, Esq.


cc. Leo Fox, Esq. via ECF