# LEO FOX
## ATTORNEY-AT-LAW

630 Third Avenue, New York, New York 10017
(212) 867-9595 | Fax (212) 949-1857
E-Mail:  leo@leofoxlaw.com

June 28, 2021

**_VIA ELECTRONIC FILING_**

Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     AN Frieda Diamonds, Inc. v. Roni Rubinov and New Liberty Pawn Shop, Inc.
        Index No. 20-04008 (MKV)

Dear Judge Vyskocil:

I, as the attorney for the Appellee-Trustee, Matthew C. Harrison, Jr., briefly respond to the letters dated June 25, 2021 of the Appellants, New Liberty Pawn and Roni Rubinov, requesting this Court to expedite the review of the Appellants' Appeal based on the "serious medical conditions" of the individual Appellant as a result of his imminent deposition.

Counsel does not state the facts.   Attached is a total of seven (7) Orders of the Bankruptcy Court from March 11, 2020 to May 28, 2021 denying Appellant's various requests for delays and directing discovery to proceed (_Exhibit A_).   The Bankruptcy Court afforded every consideration to the Appellant seeking to defeat proper judgment enforcement.

The Bankruptcy Court also rejected the defense alleged by the Appellants in its letter of June 25, 2021 and elsewhere regarding the Trustee's attachment of certain funds, in its eighth Order dated December 4, 2020 (Order and Cross-Motion attached as _Exhibit B_) denying Appellants' Cross-Motion for, among other things, a stay based on the attachment.   Appellant thus has no problem in ping ponging between the Courts (seeking expedited relief here and a stay in the Bankruptcy Court) as it sees fit in an attempt to avoid a deposition.

Honorable May Kay Vyskocil
June 28, 2021
Page 2

Not surprising, Appellant, Rubinov, feels distressed by being required to comply with his obligations as a judgment-debtor but there is no good reason for Mr. Rubinov to fail to comply with these obligations.   Appellant, Rubinov, has only himself to blame for compelling the Trustee to seek the relief sought bringing Appellant to testify.

The Appellant acknowledges that his request to expedite has been previously submitted to this Court.   Motions regarding an Appeal are generally made in the Bankruptcy Court (Bankruptcy Rule 8007(a)(1)(C) and (D)).   There is no reason given for renewal of its request

More problematic is the Appellant's self-declared efforts to seek *ex parte* communication with the Court in February, May and June 2021 as noted in his letter.   Appellants never notified us of these efforts.   At the very least, we should have been notified prior to Appellant's *ex parte* communications to the Court.

Therefore, in light of the fact that the requests to this Court were previously made, the Appellant's evasive and deliberate obstruction of the Trustee's efforts to take the examination of the Appellant (hardly a reason to justify the extraordinary relief being sought here), this Court should reject this letter request of the Appellant and issue an Order forbidding further *ex parte* contacts with the Court.

Very truly yours,

*/s/ Leo Fox*
Leo Fox, Esq.


LF:cb


cc:   Matthew C. Harrison, Jr.
Akiva Shapiro, Esq.
Stephen Vlock, Esq.

# *EXHIBIT A*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:                                                                          Chapter 7

A.N. FRIEDA DIAMONDS, INC.,                              Case No. 15-11862 (MEW)

                                                    Debtor.
-------------------------------------------------------------------X          Ad. Proc. No. 17-1103 (MEW)
MATTHEW C. HARRISON, JR.,

                                                    Plaintiff,

                        v.

RONEN KONFINO, FRIEDA KONFINO, RONI
RUBINOV, NEW LIBERTY PAWN SHOP, INC.,
NEW YORK ESTATE BUYERS, and ABNER
RUBINOV,

                                                    Defendants.
-------------------------------------------------------------------X

## ORDER COMPELLING PRODUCTION OF CERTAIN DOCUMENTS BY DEFENDANTS RONI RUBINOV AND NEW LIBERTY PAWN SHOP INC.

Upon the motion (the "Motion") of Plaintiff, MATTHEW C. HARRISON, JR., Chapter 7

Trustee for A.N. Frieda Diamonds, Inc., seeking the entry of an order of contempt against

Defendants Roni Rubinov and New Liberty Pawn Shop Inc. for failure to comply with a certain

Subpoena dated August 10, 2020, and to compel compliance therewith, and a hearing having been

held on November 10, 2020, and no opposition having been submitted thereto, and sufficient cause

appearing for the entry of this Order; and for the reasons stated on the record at the Hearing, it is

hereby

ORDERED, that on or before December 1, 2020, Defendants Roni Rubinov and New

Liberty Pawn Shop Inc. are directed to produce to Plaintiff's counsel: (a) copies of their tax returns

for the years 2018 and 2019, and (b) copies of records sufficient to identify all real and personal property owned by the Defendants during the period from November 2018 to the present, including without limitation current bank account statements for all bank accounts in which Defendants have any interest; and it is further

ORDERED, that on or before December 1, 2020, Defendants Roni Rubinov and New Liberty Pawn Shop Inc. are directed to provide to Plaintiff's counsel a written copy of the electronic records which said Defendants are required to maintain pursuant to New York City Administrative Code § 20-273(b), for the period November 2018 to the present; and it is further

ORDERED, that the motion is otherwise denied, without prejudice.

Dated: New York, New York
      November 12, 2020

                    **s/Michael E. Wiles**
                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re                                             :
                                                  :        **Chapter 7**
     **A.N. Frieda Diamonds, Inc.,**      :
                                                  :        **Case No. 15-11862 (MEW)**
     **Debtor.**                       :
-------------------------------------------------------x
**MATTHEW C. HARRISON, JR.,**                      :
                                                  :
     **Trustee-Plaintiff,**            :
                                                  :
     **v.**                            :        **Adv. Pro. No. 17-1103 (MEW)**
                                                  :
**RONEN KONFINO, FRIEDA KONFINO,**                 :
**RONI RUBINOV, NEW LIBERTY PAWN**                 :
**SHOP, INC., NEW YORK ESTATE**                    :
**BUYERS and ABNER RUBINOV a/k/a**                 :
**AVNER RUBINOV,**                                 :
                                                  :
     **Defendants.**                   :
                                                  :
**VNB NEW YORK, LLC,**                             :
                                                  :
     **Defendant-Intervenor and**       :
     **Cross-Claimant**                :
-------------------------------------------------------x

## ORDER COMPELLING DISCOVERY IN ACCORDANCE WITH
## PRIOR ORDERS AND UNDER THREAT OF SANCTIONS

On November 12, 2020 this Court entered an Order [ECF No. 170] compelling the

production of certain documents by defendants Roni Rubinov ("Rubinov") and New Liberty

Pawn Shop, Inc. ("New Liberty") in response to post-judgment subpoenas that originally were

served on behalf of Matthew C. Harrison, Jr., as trustee and judgment plaintiff (the "Trustee") in

August 2020.  In late December 2020 the Trustee asked for an additional discovery conference in

light of Rubinov's and New Liberty's continued failures to complete the required discovery.  The

Court held such a discovery conference by telephone on December 29, 2020 and directed the

2

defendants to produce certain open items by January 19, 2021.  The defendants did not produce the additional items by the specified date, which prompted the requesting party to seek an additional discovery conference, which was held on January 26, 2021.  Counsel to Rubinov and New Liberty stated at the conference that the defendants were seeking to hire new counsel, but the Court noted that under the Court's local rules counsel who has entered an appearance cannot be relieved except with the approval of the Court.  The Court also noted that Rubinov and New Liberty were delinquent in complying with their obligations and that no sufficient excuse had been offered for their failures to comply with their discovery obligations and with this Court's prior orders.  The Court made clear at the conference that the additional materials must be produced on or before February 2, 2021 and that in the event of a failure to comply the Court will impose daily monetary sanctions until compliance is achieved.  Accordingly, and for the reasons stated on the record at the conferences referenced above, it is hereby

**ORDERED**, that defendants Roni Rubinov and New Liberty Pawn Shop, Inc. must complete document production no later than February 2, 2021 in accordance with the prior rulings by the Court, including (a) the production of records sufficient to identify the names, addresses and businesses of all entities in which Rubinov or New Liberty have any ownership interest, (b) all online records that New Liberty Pawn Shop, Inc. maintained in accordance with New York State and City requirements (to the extent not already produced), and (c) the physical records of pawn transactions that New York requires pawnbrokers to maintain; and it is further

**ORDERED**, that a status conference will be held on **February 3, 2021 at 10:00 a.m.** at which time the parties will report to the Court as to the whether the document production has been completed; and it is further

2

**ORDERED**, that if document production has not been completed as required by this Order the Court may find Rubinov and New Liberty in contempt and may impose daily monetary sanctions until compliance with the discovery orders is obtained; and it is further

**ORDERED**, that counsel of record to Rubinov and New Liberty shall remain as counsel of record unless and until a timely application to withdraw as counsel or substitute counsel is approved by the Court.

Dated: New York, New York
      January 27, 2021

/s/ **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

In re                                                                  :

                                 :           **Chapter 7**

       **A.N. Frieda Diamonds, Inc.,**     :

                                 :           **Case No. 15-11862 (MEW)**

            **Debtor.**          :

------------------------------------------------------x

**MATTHEW C. HARRISON, JR.,**   :

                                 :

        **Trustee-Plaintiff,**     :

                                 :

             v.              :           **Adv. Pro. No. 17-1103 (MEW)**

                                 :

**RONEN KONFINO, FRIEDA KONFINO,** :
**RONI RUBINOV, NEW LIBERTY PAWN** :
**SHOP, INC., NEW YORK ESTATE**     :
**BUYERS and ABNER RUBINOV a/k/a** :
**AVNER RUBINOV,**                 :

                                 :

          **Defendants.**       :

                                 :

**VNB NEW YORK, LLC,**          :

                                 :

       **Defendant-Intervenor and** :
       **Cross-Claimant**        :

------------------------------------------------------x

## ORDER (1) RESOLVING MOTION TO COMPEL DOCUMENT PRODUCTION AND ORDER TO SHOW CAUSE RE THE SAME; (2) DIRECTING APPEARANCE FOR DEPOSITION; (3) DENYING MOTION BY DEFENDANTS' COUNSEL TO <u>WITHDRAW AS COUNSEL, AND (4) DENYING STAY OF DISCOVERY</u>

On November 12, 2020 this Court entered an Order [ECF No. 170] compelling the

production of certain documents by defendants Roni Rubinov ("Rubinov") and New Liberty

Pawn Shop, Inc. ("New Liberty") in response to post-judgment subpoenas that originally were

served on behalf of Matthew C. Harrison, Jr., as trustee and judgment plaintiff (the "Trustee") in

August 2020.  Based on Rubinov's and New Liberty's repeated failures to complete the required

discovery, additional discovery conferences were held on December 29, 2020 and January 26,

2021. During the course of these proceedings, the Court made rulings that limited the categories of the document production required but noted that the document production needed to include (a) records sufficient to identify the names, addresses and businesses of all entities in which Rubinov or New Liberty have any ownership interest, (b) all online records that New Liberty Pawn Shop, Inc. maintained in accordance with New York State and City requirements (to the extent not already produced), and (c) the physical records of pawn transactions that New York requires pawnbrokers to maintain.

At the January 26, 2021 conference, counsel to Rubinov and New Liberty stated that the defendants were seeking to hire new counsel, but the Court noted that under the Court's local rules, counsel who has entered an appearance cannot be relieved except with the approval of the Court. The Court also noted that Rubinov and New Liberty appeared to be delinquent in complying with their obligations and that no sufficient excuse had been offered for their failures to comply with their discovery obligations and with this Court's prior orders. The Court made clear at that conference that the additional materials were to be produced on or before February 2, 2021 and that in the event of a failure to comply, the Court would impose daily monetary sanctions until compliance was achieved. An order to that effect was entered on January 27, 2021. *See Order Compelling Discovery in Accordance with Prior Orders and Under Threat of Sanctions* [ECF No. 174]. The January 27 Order also scheduled a status conference for February 3, 2021, at which the parties were to report to the Court whether the document production had been completed, and provided that counsel of record to Rubinov and New Liberty was to remain as counsel of record unless and until a timely application to withdraw as counsel or substitute counsel was approved by the Court.

The February 3, 2021 status conference was scheduled for 10:00 a.m. At 8:33 a.m. that day, counsel for Rubinov and New Liberty filed a "Letter Motion" to be relieved as Counsel of record. He also sought a 60-day stay of discovery.

At the conclusion of the parties' presentations at the February 3, 2021 conference, the Court determined, based on counsel's representations, that defendants had produced records identifying the entities in which they had ownership interests and the records that they have that fall into the other limited categories ordered by the Court. The Court further stated that there was not sufficient evidence to order contempt sanctions at this time or that would permit the Court to say that the defendants actually willfully withheld the required document production. The Trustee argued that with the minimal production, proceeding with a deposition would inevitably result in future discovery requests at its conclusion. The Court noted that if the Trustee had grounds for additional discovery requests he was free to pursue them, or if he found that the defendant lied or withheld discovery, he could seek appropriate relief.

The Trustee also requested that Mr. Rubinov be directed to appear for a deposition for which he had been subpoenaed long ago. Defendants asked that the deposition be postponed while the appeal filed by Mr. Rubinov and New Liberty is under consideration, but the Court noted that no stay pending appeal was in effect and that the judgment entered by the Court is presently enforceable. The defendants' attorney also reiterated his request to be relieved as counsel and that discovery be put in abeyance until replacement counsel was hired, but the Court noted that defendants had had plenty of time to obtain new counsel if they so wished, and that the requested relief would simply give the defendants an improper veto power over the Trustee's discovery demands. To the extent that counsel expressed concern that defendants might have to

2

appear without counsel, the Court again noted that counsel of record is not relieved of responsibilities under the Court's local rules unless and until the Court so orders.

For the foregoing reasons, and those stated on the record at the February 3, 2021 hearing, it is hereby

**ORDERED**, that the deposition of Roni Rubinov must proceed on or before February 19, 2021, and that a failure by Mr. Rubnov to appear will subject him to appropriate sanctions; and it is further

**ORDERED**, that the Trustee's motion to compel further production of documents is denied, without prejudice to further discovery requests; and it is further

**ORDERED**, that the motion by defendants' counsel to be relieved as counsel is denied at this time, without prejudice to renewal if and when the defendants retain replacement counsel; and it is further

**ORDERED**, that the defendants' request to stay discovery is denied.

Dated: New York, New York
       February 5, 2021

/s/ **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

A.N. FRIEDA DIAMONDS, INC.,

                                   Debtor.
-------------------------------------------------------------------X
MATTHEW C. HARRISON, JR.,

                            Plaintiff,

         v.

RONEN KONFINO, FRIEDA KONFINO, RONI
RUBINOV, NEW LIBERTY PAWN SHOP, INC., NEW
YORK ESTATE BUYERS, and ABNER RUBINOV,

                            Defendants.

Chapter 7

Case No. 15-11862 (MEW)

Ad. Proc. No. 17-1103 (MEW)

## ORDER RESOLVING MOTION TO COMPEL DEPOSITION OF DEFENDANTS AND DENYING AMENDED MOTION BY DEFENDANTS' COUNSEL TO WITHDRAW AS COUNSEL

A status conference concerning a discovery dispute in this matter was held on February 3, 2021, after which the Court entered an order on February 5, 2021, directing that Roni Rubinov appear for a deposition on or before February 19, 2021, and that a failure by Mr. Rubinov to appear would subject him to appropriate sanctions. [ECF No. 176].  A further status conference was held on February 12, 2021, and for the reasons stated on the record of the February 12, 2021 hearing, it is hereby

**ORDERED**, that Roni Rubinov is directed to appear for a deposition on or before February 19, 2021, and that in the event Mr. Rubinov fails to appear, the Court shall impose a civil contempt

sanction of $500 per business day until such time as the deposition is conducted, so as to secure compliance by Mr. Rubinov with the Court's orders; and it is further

**ORDERED**, that on or before February 26, 2021, the parties shall report to the Court regarding whether Mr. Rubinov has appeared for deposition in accordance with this Order and/or whether additional civil contempt sanctions are required; and it is further

**ORDERED**, that defendants' counsel may withdraw if and when the defendants retain replacement counsel, but the amended motion by defendants' counsel to withdraw as counsel for defendants is otherwise denied at this time, without prejudice to renewal.

Dated: New York, New York
        February 12, 2021

/s/ **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

In re                                          :
                                               :        Chapter 7
          A.N. Frieda Diamonds, Inc.,          :
                                               :        Case No. 15-11862 (MEW)
               Debtor.                         :
                                               :
---------------------------------------------------------------
MATTHEW C. HARRISON, JR.,                      :
                                               :
               Trustee-Plaintiff,              :
                                               :
          v.                                   :        Adv. Pro. No. 17-1103 (MEW)
                                               :
RONEN KONFINO, FRIEDA KONFINO, RONI            :
RUBINOV, NEW LIBERTY PAWN SHOP, INC.,          :
NEW YORK ESTATE BUYERS and ABNER               :
RUBINOV a/k/a AVNER RUBINOV,                   :
                                               :
               Defendants.                     :
                                               :
VNB NEW YORK, LLC,                             :
                                               :
               Defendant-Intervenor and        :
               Cross-Claimant                  :
---------------------------------------------------------------x

## ORDER DIRECTING IMMEDIATE DEPOSITION OF
## RONI RUBINOV UPON WRITTEN QUESTIONS

On October 16, 2020, Matthew C. Harrison, Jr., the chapter 7 trustee (the "Trustee"),

filed a contempt motion for, among other things, the failure of defendant Roni Rubinov to attend

a deposition upon a subpoena that initially had been issued in August 2020. On February 5,

2021, after several months addressing document production, the Court ordered that Mr. Rubinov

proceed with a deposition on or before February 19, 2021. On February 12, 2021, an order was

entered reiterating that Mr. Rubinov's deposition was to proceed on or before February 19, 2021,

and specifying that failure to appear would subject the defendant to sanctions. On February 19,

2021, Mr. Rubinov's counsel filed a letter seeking a 90-day extension based on medical reasons

and filed a medical statement in support. The Trustee opposed the relief requested. A hearing was held on March 9, 2021 and having considered the record, the Court directed that a deposition be conducted within three weeks as the deposition merely sought information as to the property owned by Mr. Rubinov and its location. The Court also indicated it was available to monitor the deposition if the defendant desired. Thereafter, the parties agreed on March 24, 2021 as the date of the proposed deposition. The day before that scheduled deposition, Mr. Shapiro filed a letter again contending that Mr. Rubinov could not attend the deposition because of health reasons, and an additional medical statement has been submitted to the Court. It is now 47 days from Mr. Rubinov's initial February 19, 2021 request for a 90-day extension for the deposition and he has effectively given himself more than half the amount initially requested. The Court has reviewed the medical statements and has considered the record and has determined based on the submissions that there is no good reason why Mr. Rubinov should be unable to submit to a deposition upon written questions, without prejudice to a further deposition. Based upon the foregoing, it is hereby

**ORDERED**, that Roni Rubinov is to submit to a deposition upon written questions (with such questions to be served on or before April 12, 2021 and with sworn written responses to be provided no later than April 22, 2021), without prejudice to the plaintiff's right to take an additional in-person deposition; and it is further

**ORDERED**, that a status conference will be conducted on **April 28, 2021 at 2:00 p.m.** to determine further proceedings.

Dated: New York, New York
       April 7, 2021

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE

2

| Akiva Shapiro | Akiva Shapiro Law, PLLC |
|---|---|
| Attorney and Counselor-at-Law | Mailing Address: |
| 1 West Park Drive | 696 Old Bethpage Road #540 |
| Old Bethpage, NY 11804 | Old Bethpage, NY 11804 |

Phone: 347-435-6529 • Fax: 347-710-2543

Akiva@AkivaShapiroLawPLLC.com • www.AkivaShapiroLawPLLC.com

April 22, 2021

**Via ECF**
Honorable Michael E. Wiles
One Bowling Green
New York, NY 10004-1408
Daniel Patrick Moynihan
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Re:   **Letter Motion Request for Extension of Time to Respond to Deposition Questions**
Index No.: 15-11862 (MEW), Adversary Proceeding 17-01103 (MEW)
In Re: A.N. Frieda Diamonds, Inc., Debtor

Dear Judge Wiles:

Mr. Rubinov has been working on answering the written deposition questions. He informs me that he has had very bad migraines and has not been able to complete the answers. He respectfully requests a brief adjournment of the deadline from today to Thursday, April 29, 2021.

I correspondingly request a brief adjournment of the conference scheduled for April 28, 2021 at 2:00 pm to a date the following week. I am available the afternoon of May 4, 5, and 7.

Thank you for your consideration.

Very truly yours

/s/ Akiva Shapiro

Akiva Shapiro, Esq.

**Memorandum Endorsement**
The deadline for Mr. Rubinov to submit answers to the written interrogatories is adjourned but only until **Monday, April 26, 2021 at 2:00 p.m.** There will be no further adjournments of that deadline.
The conference scheduled for **April 28, 2021 at 2:00 p.m.** will proceed as scheduled on that date and time.                    MEW 4/22/2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

A.N. FRIEDA DIAMONDS, INC.,

                                      Debtor.

-------------------------------------------------------------X

MATTHEW C. HARRISON, JR.,

                                      Plaintiff,

                    v.

RONEN KONFINO, FRIEDA KONFINO,
RONI RUBINOV, NEW LIBERTY PAWN
SHOP, INC., NEW YORK ESTATE BUYERS,
and ABNER RUBINOV,

                                      Defendants.

-------------------------------------------------------------X

Chapter 7

Case No. 15-11862 (MEW)

Ad. Proc. No. 17-1103 (MEW)

## ORDER COMPELLING RESPONSES TO WRITTEN DEPOSITION QUESTIONS AND COMPELLING ORAL DEPOSITION OF DEFENDANT RONI RUBINOV

For the reasons stated on the record at the May 24, 2021 hearing, it is hereby

**ORDERED**, that on or before June 7, 2021, Defendant Roni Rubinov shall provide to

Plaintiff's counsel full responses to items 4, 12, 18, 19, 23, 32, 36, 49, 50, 69, 70, 73, and 75 as set

forth in the letter dated April 28, 2021 from Plaintiff's counsel to Defendant's counsel, relating to

Plaintiff's Written Deposition Questions dated April 12, 2021, and with regard to item 27

Defendant shall set forth the amount of shares of stock; and it is further

ORDERED, that on or before June 7, 2021, Defendant Roni Rubinov shall provide to

Plaintiff's counsel the most recent statements for accounts listed in items 59, 60, 61, 62, 63, relating

to Plaintiff's Written Deposition Questions dated April 12, 2021; and it is further

**ORDERED**, that Plaintiff may serve separate document Subpoena(s) with regard to items 76, 77, 78, 79, and 80 in Plaintiff's Written Deposition Questions dated April 12, 2021; and it is further

**ORDERED**, that Defendant Roni Rubinov is directed to appear for deposition upon oral examination on or before June 14, 2021.

Dated: New York, New York
        May 28, 2021

                                        /s/ **Michael E. Wiles**
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                    :
In re:                             :
                                      :
       A.N. Frieda Diamonds, Inc.,     :      Chapter 7
                                      :      Case No. 15-11862 (MEW)
                          Debtor.   :
-----------------------------------------------------X

## ORDER GRANTING INTERIM FEE APPLICATION OF VLOCK & ASSOCIATES, P.C., SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF <u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

Upon consideration of the Application for Interim Allowance of Compensation and Reimbursement of Expenses (the "Application") with respect to a one-third contingency fee for professional services rendered and expenses incurred in connection with the collection, on behalf of the Estate, of the sum $167,717.32 and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2); and upon the objection and cross-application of New Liberty Pawn Shop, Inc.; and upon the hearing on December 2, 2020 and upon the arguments and consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby

***ORDERED***, that the Application for Interim Fees is granted to the extent set forth in the attached Schedule; and it is further

***ORDERED***, that the cross-application is denied for the reasons stated at the Hearing on December 2, 2020.

Dated: New York, New York
       December 4, 2020

                                 /s/ **Michael E. Wiles**
                                 UNITED STATES BANKRUPTCY JUDGE

Case No.:   15-11862 (MEW)
Case Name: A.N. Frieda Diamonds, Inc.

**CURRENT FEE PERIOD**
With respect to collections of $167,717.32

Schedule A

| (1) Applicant | (2) Date/Document Number of Application | (3) Fees Requested on Application for Current Period | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for Prior Fee Period(s) (if any) (i.e., Holdback Release) | (7) Total Fees to be Paid | (8) Expenses Requested for the Current Period | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Vlock & Associates, P.C. | #211 | $55,512.20 | $55,512.20 | $55,512.20 | $0 | $55,512.20 | $1,180.73 | $1,180.73 |

DATE ON WHICH ORDER WAS SIGNED: 12/4/2020

INITIALS: MEW  USBJ

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In Re:                                                                    Chapter 7

A.N. FRIEDA DIAMONDS, INC., Petitioner                    Index No.: 15-11862 (MEW)

-------------------------------------------------------------------x

## NOTICE OF HEARING ON CROSS-APPLICATION OF NEW LIBERTY

## PAWN SHOP, INC. FOR, IN THE ALTERNATIVE, A STAY PENDING AN

## APPLICATION FOR TURNOVER AND DAMAGES ARISING OUT OF

## THE ILLICIT GARNISHMENT OF FUNDS BY THE TRUSTEE,

## AIDED AND ABBETTED BY OTHER NON-PARTIES

## <u>IN VIOLATION OF NY AND FEDERAL LAW</u>

PLEASE TAKE NOTICE, that a hearing will be heard before the Honorable Michael E. Wiles, United States Bankruptcy Judge on December 2, 2020 at 10:00 a.m. in his Courtroom, in the United States Bankruptcy Court for the Southern District of New York, Old Customs House, One Bowling Green, New York, New York to consider New Liberty Pawn, Inc. Cross-Application, in the alternative, for a 90-day stay on any requested disbursements pending the filing of an application for turnover and damages arising out of $149,900 illegally garnished by the Trustee.

PLEASE TAKE FURTHER NOTICE that the Applications will be on file in the Clerk's Office, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on and after November 24, 2020 and may be examined there during normal business hours and will also be available on the Bankruptcy Court's Website at http://www.nysb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the relief sought shall be in writing and served at least two (2) days prior to the return date, and served so as to be received on or before

such date upon (i) Akiva Shapiro Law PLLC, Attorney for the New Liberty Pawn Shop, Inc, 696 Old

Bethpage Rd, #540, Old Bethpage, NY 1804, and (ii) filed with the Court electronically (with a courtesy

copy delivered to Chambers).


Dated: Nassau County, New York
November 24, 2020

                                                    **/s/ Akiva Shapiro**
                                                    Akiva Shapiro, Esq.
                                                    Akiva Shapiro Law, PLLC
                                                    Attorney for New Liberty Pawn Shop,
                                                    Inc.
                                                    Mailing Address:
                                                    696 Old Bethpage Road #540
                                                    Old Bethpage, NY 11804
                                                    Tel: 347-435-6529
                                                    Fax: 347-710-2543
                                                    Email: akiva@shapirolaw.nyc

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| In Re: | Chapter 7 |
| | |
| A.N. FRIEDA DIAMONDS, INC., Petitioner | Index No.: <u>15-11862 (MEW)</u> |

-----------------------------------------------------------------x

## OPPOSITION TO VLOCK & ASSOCIATES, P.C.'S FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AND CROSS-APPLICATION OF NEW LIBERTY PAWN SHOP, INC. FOR, IN THE ALTERNATIVE, A STAY PENDING AN APPLICATION FOR TURNOVER AND DAMAGES ARISING OUT OF THE ILLICIT GARNISHMENT OF FUNDS BY THE TRUSTEE, AIDED AND ABBETTED BY OTHER <u>NON-PARTIES IN VIOLATION OF NY AND FEDERAL LAW</u>

**TO THE HONORABLE MICHAEL E. WILES,**
**UNITED STATES BANKRUPTCY JUDGE**

NEW LIBERTY PAWN SHOP, INC. ("NLP") a judgement debtor in the

above captioned matter, submits its objection to VLOCK & ASSOCIATES, PC.'s ("Vlock")

application pursuant to Section 330(a) of Title 11, United States Code (the "Bankruptcy

Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), for the allowance of compensation and professional services rendered by Vlock, and

for reimbursement of its actual and necessary expenses incurred, and NLP submits its cross-

application, in the alternative, for a 90-day stay on any requested disbursements pending the

filing of an application for turnover of $149,900 illegally garnished by MATTHEW C.

HARRISON, JR., Trustee, and for damages in an amount to be determined at inquest

against Vlock, the Trustee, and New York City Marshall, STEPHE W. BIEGEL ("Biegel"), for their joint participation in aiding and abetting the illegal garnishment in violation of the New York City Consumer Protection Law's, New York General Business Law § 601(8), the Federal Fair Debt Collection Practices Act, and the Dodd-Frank Wall Street Reform and Consumer Protection Act, and for time to implead and obtain jurisdiction over current non-party defendants in the matter.

## ARGUMENT

1.  Pursuant to the *Guidance on CARES Act Payments* (the "Guidance") promulgated by New York Attorney General Letitia James (the "NYAG"), dated April 21, 2020, funds disbursed pursuant to the Federal Coronavirus Aid, Relief, and Economic Security Act (the "CARES" Act) signed into law on March 27, 2020 by the President of the United States are protected from garnishment and that any such garnishment is considered an "illegal act" and such violation would be aggressively prosecuted. See Exhibit 1.

2.  Of the $168,898.05 garnished by the Trustee (see Vlock Application ¶ 16), $149,900 (the "Funds") was received by NLP as a disbursement of an Economic Injury Disaster Loan ("EIDL") pursuant to the CARES Act, on deposit with TD Bank. See Exhibits 2 and 3.

3.  Biegel served upon TD Bank a Levy and Demand on behalf of the Trustee. See Exhibit 4.

4.  Prior to the Levy and Demand having been executed upon by Biegel under the direction of Vlock on behalf of the Trustee, NLP sent notice to both Vlock and Biegel that the Funds were protected pursuant to the NYAG's Guidance, and demanded that the Funds be released. See Exhibits 4 and 5

5.  Rather than releasing the funds, or responding substantively, Vlock and Biegel aided and abetted the Trustee to complete the garnishment. Biegel demanded and received from TD Bank the Funds and, net of poundage, turned the Funds over to Vlock who remitted it to the Trustee. Vlock and the Trustee, despite further demand, refused to release the Funds back to NLP, and Vlock is now seeking a contingency commission on same.

## SPECIFIC VIOLATIONS OF NEW YORK AND FEDERAL LAW

6.  Pursuant to the NYAG's Guidance:

   CARES Act payments would constitute "illegal acts" because such garnishment would violate:

   - The New York City Consumer Protection Law's prohibition of false, deceptive, and misleading conduct. In addition, rules issued under the law prohibit "the representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to pursue such action," and "the threat to take any action that cannot legally be taken or that is not intended to be taken."

   - New York General Business Law § 601(8)'s prohibition of "claim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

   - The Fair Debt Collection Practices Act's prohibition of false, deceptive, or misleading conduct, including "[t]he representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

- The Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111–203, 124 Stat. 1376 (2010) ("Dodd-Frank"),which prohibits unfair, deceptive, and abusive acts or practices, and authorizes State Attorneys General to enforce these prohibitions. Under Dodd-Frank, an act or practice is unfair if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers" and "such substantial injury is not outweighed by countervailing benefits to consumers or to competition." An act or practice is abusive if it:

  > (1) materially interferes with the ability of a consumer to understand a term or condition of a consumer financial product or service; or

  > (2) takes unreasonable advantage of –

  >> (A) a lack of understanding on the part of the consumer of the material risks, costs, or conditions of the product or service;

  >> (B) the inability of the consumer to protect the interests of the consumer in selecting or using a consumer financial product or service; or

  >> (C) the reasonable reliance by the consumer on a covered person to act in the interests of the consumer.16

The NYAG will treat garnishment of CARES Act payments as unfair and abusive under Dodd-Frank. In addition, any person who knowingly or recklessly provides substantial assistance to a creditor or debt collector in garnishing CARES Act payments will face aiding and abetting liability under Dodd-Frank.

See Exhibit 1 (internal footnotes with citations omitted).

## DENIAL OF VLOCK'S MOTION IS REUQESTED,

## IN THE ALTERNATIVE, A STAY IS REQEUSTED

7.  For the reasons made apparent in the NYAG's Guidance, violation by the Trustee, Vlock and Biegel of New York and Federal Law sufficiently warrants denial of Vlock's application for a contingency fee on collection of the $149,900 EIDL Funds.

8.  Because an application for repatriation of the Funds to NLP, concomitant damages for its illegal taking, and it being necessary, to afford complete relief, to implead Vlock & Associates, P.C., Stephen Vlock, Esq individually, and Mathew C. Harrison individually, and Marshall Beigel in his corporate and individual capacities as defendants, is a significant undertaking, the undersigned, a sole practitioner, is unable to allot the time before the hearing scheduled for December 10, 2020 to properly formulate the application, nor, even if formulated, would there be sufficient time to obtain the necessary jurisdiction over the current non-parties.

9.  If the Court does not deny Vlock's application outright with respect to the Funds at this time, it is respectfully requested that the Court, pursuant to its authority under F.R.B.P. Rule 7062, F.R.C.P. Rule 62, NY CPLR § 2201[1], and other applicable statutes and case law, issue a stay of turnover or payment of the Funds in the matter by the Trustee providing NLP with 90 days in which to file the expected application herein described.

---

[1] NY CPLR § 2201, applicable in this case, provides that "Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." See F.R.B.P. Rule 7062, F.R.C.P. Rule 62, NY CPLR § 2201.

WHEREFORE, it is respectfully requested that the Court make and enter an order denying Vlock & Associates, P.C.'s application for fees with respect to the $149,900 EIDL, or in the alternative, issue a 90-day Stay of turnover or payment of the said Funds in the matter by the Trustee, providing NLP with 90 days in which to file an application for turnover and damages, and granting such other and further relief as the Court deems proper.

Dated: Nassau, New York
November 24, 2020

        /s/ Akiva Shapiro
        Akiva Shapiro, Esq.
        Akiva Shapiro Law, PLLC
        Attorney for New Liberty Pawn, Inc.
        Mailing Address:
        696 Old Bethpage Road #540
        Old Bethpage, NY 11804
        Tel: 347 435-6529 Fax: 347-710-2543
        Email: Akiva@AkivaShapiroLawPLLC.com